[Doc. No. 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NIARTIES D. GRAHAM and EVELYN GRAHAM,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>LEWIS F. CARINO, et al.,<br><br>　　　　　　Defendants. | Civil No. 09-4501 (JEI/AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

　　This matter comes before the Court by way of motion [Doc. No. 7] of Defendants, Police Officer Lewis F. Carino, Police Officer A. Mercante, Police Officer Tellado, Police Officer Houbary, City of Vineland Police Department, and City of Vineland, seeking a protective order relieving the individual police officer defendants from having to respond to seven punitive damages interrogatories that request information concerning each individual police officer defendant's financial assets. (Defs.' Mot. For a Protective Order (hereinafter, "Defs.' Mot.") ¶¶ 2, 8.) The Court has considered the submissions of the parties and the arguments of counsel set forth at oral argument,[1] and for the reasons that follow, Defendants' motion for a protective order is granted in part and

---

1.　At the hearing, Daniel K. Newman, Esquire appeared on behalf of Plaintiffs, and Paola F. Kaczynski, Esquire appeared on behalf of Defendants.

denied in part.

This action involves a claim of excessive force brought by Plaintiffs, Niarties Graham and Evelyn Graham, against the City of Vineland, New Jersey, the Vineland Police Department, and several individual police officers of the Vineland Police Department relating to an incident on July 15, 2007 in which the individual police officer defendants allegedly "struck" Plaintiff Niarties Graham with "numerous blows about his body" and "administered . . . a physical beating" when Plaintiff was purportedly unarmed. (See Compl. 4 ¶ 3, 5 ¶ 2.)  Plaintiffs also assert claims, inter alia, for false arrest (id. at 6 ¶ 2), malicious prosecution (id. at 10 ¶ 6), failure to provide medical care (id. at 11 ¶ 2), and loss of consortium (id. at 14 ¶ 3).  Plaintiffs assert that the actions of Defendants were "wanton, willful, reckless, outrageous and transgressive of all standards of normalcy and fair dealing[,]" and Plaintiffs consequently seek punitive damages, in addition to compensatory and consequential damages, in connection with their claims.  (Id. at 12 ¶ 2.)

At issue in this motion are seven punitive damage interrogatories served by Plaintiffs on the individual police officer defendants on or about October 27, 2009.  (Defs.' Mot., Ex.

A.)[2] Defendants object to the discovery requests on two grounds. First, Defendants contend that the interrogatories "seek highly confidential financial information" including "past gross income, summaries of real estate assets, account balances for bank accounts, and other asset accounting." (Defs.' Mot. ¶ 3.) Defendants assert that "[g]iven the nature of the employment of the individual defendants as police officers," their privacy interests purportedly outweigh Plaintiffs' interest in discovery of such confidential information. (Id. at ¶ 7.) Second, Defendants argue that the punitive damages interrogatories are "overbroad, premature, unreasonably calculated and seek information that is not relevant to the present action." (Id. at ¶ 4.) In opposition, Plaintiffs assert that the punitive damages interrogatories are relevant because Plaintiffs' complaint includes a punitive damages count, and Plaintiffs purportedly must "prove to the jury the financial condition of the respective defendants" under the Punitive Damages Act, N.J.S.A. § 2A:15-5.12b. (Pl.'s Mem. of Law in Opp. to Defs.' Mot. for a Protective Order [Doc. No. 11], at 2,

---

2.  Defendants represent that Plaintiffs served a total of thirty-six interrogatories. (Defs.' Mot. ¶ 1.) While FED. R. CIV. P. 33(a) limits the number of interrogatories to twenty-five, the Court may permit additional interrogatories to be served consistent with the limitations set forth in FED. R. CIV. P. 26(b)(2). Defendants, however, do not move to strike the interrogatories on the ground that they are excessive in number, and the Court does not find a basis for striking the additional interrogatories at this time.

3

4.)[3]

Pursuant to Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  FED. R. CIV. P. 26(c)(1).  Upon a showing of good cause, the Court may "forbid[] the disclosure or discovery," or may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters[.]"  Id.  The party seeking a protective order bears the burden of demonstrating that good cause exists to limit or foreclose discovery.  See id.  In addition, a party seeking a protective order is required to demonstrate a "particular need for protection."  Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d. Cir. 1986).

The Court rejects Defendants' first assertion that a protective order is warranted because the individual defendants are police officers and, as such, the officers' privacy interests outweigh Plaintiffs' interest in discovery of the officers' financial condition.  Defendants' reliance on Collens v. City of New York, 222 F.R.D. 249 (S.D.N.Y. 2004), in support of this

---

3.  After the motion for a protective order was filed, Plaintiffs filed an amended complaint.  The Court notes that both the original complaint and the amended complaint, in the Eleventh Count, seek punitive damages based upon the allegation that Defendants' conduct was "wanton, willful, reckless, outrageous and transgressive of all standards of normalcy and fair dealing."  (Compl. 12-13; Am. Compl. 12.)

4

assertion is unavailing. In Collens, the court addressed only whether a police officer defendant must disclose his or her home address, finding that police officers "have a justifiable fear that disclosing their home addresses could jeopardize their safety." Id. at 254. In this case, the punitive damages interrogatories seek information concerning Defendants' gross income, bank account balances, and other assets. With the exception of subpart (e) of Punitive Damages Interrogatory 3, which seeks the address of any real estate owned by Defendants, Defendants fail to demonstrate how responding to the punitive damages interrogatories implicates the safety concerns that were present in Collens. Therefore, Defendants do not meet their burden of demonstrating good cause for an order relieving them from responding to the punitive damages interrogatories, other than subpart (e) of Punitive Damages Interrogatory 3.[4]

The Court also rejects Defendants' argument that a protective order is warranted because the punitive damages interrogatories seek information that is not relevant to the issues in this case. As this Court set forth in Hite v. Peters, No. Civ. A. 07-4492, 2009 WL 1748860, at *3 (D.N.J. June 19, 2009), "parties may 'obtain discovery regarding any nonprivileged matter that is relevant to

---

4.  At oral argument, Plaintiffs' counsel agreed that Defendants may redact the officers' home addresses.

any party's claim or defense[.] . . .'" Hite, 2009 WL 1748860, at *3 (quoting FED. R. CIV. P. 26(b)(1)). Additionally, "the Court may . . . permit for 'good cause' discovery of matters that are 'relevant to the subject matter involved in the action.'" Id. "'Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Id.; see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990) ("[I]t is important to distinguish the right to obtain information by discovery from the right to use it at trial."). Thus, "relevancy is more liberally and broadly construed at the discovery stage than at trial." Hite, 2009 WL 1748860, at *3 (citing Nestle, 135 F.R.D. at 104). "The party resisting discovery 'has the burden of clarifying, explaining and supporting its objections.'" Id. (citing Nestle, 135 F.R.D. at 104). "Once the party resisting discovery meets this requirement, however, the burden is placed on the proponent of the discovery request to show that the information sought is relevant." Id.

The Court finds that information concerning Defendants' financial condition is relevant under Rule 26 standards to Plaintiffs' claim for punitive damages. Defendants assert that until there has been a finding of liability by the jury, punitive damage discovery is not appropriate. Defendants rely on Collens,

6

where the court stated that because the issue of punitive damages is generally bifurcated from issues of liability, and punitive damages issues thus may never arise, punitive damage discovery was not necessary at the pretrial stage. See Collens, 222 F.R.D. at 254. Plaintiffs assert that the same jury will decide both liability and punitive damages issues and that, as a practical matter, there is no time to conduct discovery – including depositions of the individual police officers – between the liability verdict and the charge to the jury on punitive damages. Plaintiffs' counsel represented at oral argument that if Defendants are concerned with maintaining the confidentiality of the individual police officer defendants' personal information, Plaintiffs will agree to a confidentiality order and the sealing of those portions of the deposition transcripts and documents that disclose such information until such time as there is a finding of liability, if any, as to the individual police officer defendants. With respect to Plaintiffs' state law claims, the Court notes that under the New Jersey Punitive Damages Act, once the trier of fact "determines that punitive damages should be awarded," the trier of fact shall then consider evidence concerning "[t]he financial condition of the defendant" in "determin[ing] the amount of those damages." N.J.S.A. 2A:15-5.12(c)(4). Insofar as Plaintiffs assert a claim under 42 U.S.C. § 1983, the Court notes that "evidence of

7

a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded[.]" City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981). Therefore, interrogatories seeking information about Defendants' financial condition are reasonably calculated to lead to the discovery of admissible evidence on the issue of punitive damages.

Notwithstanding the relevance of Defendants' financial condition, the Court notes that the issue of punitive damages may not be submitted to a trier of fact until a defendant's liability for compensatory damages is established. See Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). However, bifurcation of the issues of liability and punitive damages does not warrant delaying production of financial information in this case, and deferring punitive damage discovery does not serve the interests of judicial economy. See North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899-900 (D.N.D. 2004) ("To wait until the trial on liability and damages is completed and then conduct discovery as to the defendants' financial worth is impractical and inefficient" and "[t]o deny discovery as to the defendants' financial worth until the liability phase of the trial is completed would result in unnecessary delay and expense and would also require a second separate trial with a new jury panel."). Plaintiffs only seek responses to seven punitive damage

interrogatories and, presumably, limited deposition questions concerning the net worth of the four individual police officer defendants, which information may be obtained when the police officer defendants are deposed on liability issues. In light of the limited nature of the punitive damages interrogatories served and the potential delay at trial that would be caused if punitive damages discovery is stayed, the Court at this time will not defer punitive damage discovery until after a trial on liability issues. However, such information shall be produced on an "attorneys' eyes only" basis in accordance with the order set forth below.

CONSEQUENTLY, for the reasons set forth above and for good cause shown,

IT IS on this 4th day of June 2010,

**ORDERED** that Defendants' motion [Doc. No. 7] for a protective order shall be, and is hereby, **GRANTED** insofar as Defendants seek to be relieved of their obligation to respond to subpart (e) of Punitive Damages Interrogatory 3, and **DENIED** insofar as Defendants seek to be relieved of their obligation to respond to the remaining punitive damages interrogatories served by Plaintiffs; and it is further

**ORDERED** that the individual police officer defendants shall provide responses to Plaintiffs' punitive damage interrogatories, except for subpart (e) of Punitive Damages Interrogatory 3, within **thirty (30) days** of the date of entry of this Order; and it is

further

**ORDERED** that information provided in response to discovery concerning Plaintiffs' claim for punitive damages shall be produced as follows:

1. Such information shall be designated Confidential Information for "Attorneys' Eyes Only," shall be used by Plaintiffs solely for the purposes of this litigation, and may be disclosed only to Plaintiffs' counsel and to such other persons as counsel for Defendants agrees in advance or as Ordered by the Court.

2. After the termination of this proceeding, Plaintiffs' counsel shall return any documents designated as "Attorneys' Eyes Only" pursuant to this Order to Defendants within thirty (30) days of final resolution.

3. Nothing herein shall prevent the discovery in other lawsuits of the information subject to this Order where such information is properly discoverable.

4. This Order is issued without prejudice to any motion for modification in accordance with the standards set forth in Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994) or under Local Civil Rule 5.3.

5. In the event a party seeks to file a document subject to this Order under seal, a formal motion must be submitted setting forth the nature of the document and the specific reasons that warrant sealing that document or category of documents as required

by Local Civil Rule 5.3(c)(2).

<u>s/ Ann Marie Donio</u>  
ANN MARIE DONIO  
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joseph E. Irenas